No. 13-14013

UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

PALM BEACH GOLF CENTER-BOCA, INC., a Florida corporation, individually and on behalf of all others similarly situated,

    Plaintiff-Appellant,

versus

JOHN G. SARRIS, D.D.S., P.A. a Florida corporation,

    Defendant-Appellee.

_____

Appeal from the United States District Court for the Southern District of Florida, No. 9:12-cv-80178-KMW, Hon. Kathleen M. Williams

_____

PLAINTIFF-APPELLANT'S MOTION TO CLARIFY
_____

Phillip A. Bock
Daniel J. Cohen
Bock & Hatch LLC
134 N. La Salle St., Ste. 1000
Chicago, Illinois 60602
(312) 658-5501
phil@bockhatchllc.com

Brian J. Wanca
David M. Oppenheim
Ryan M. Kelly
Anderson + Wanca
3701 W. Algonquin Rd., Ste. 760
Rolling Meadows, IL 60008
(847) 368-1500
doppenheim@andersonwanca.com

Attorneys for Plaintiff-Appellee

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Plaintiff-Appellant, Palm Beach Golf Center-Boca, Inc. ("Plaintiff-Appellant"), hereby discloses the following pursuant to 11th Cir. R. 26.1:

Each of the trial judge(s), and all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. The certificate contained in the first brief filed is complete and correct.

November 14, 2014             Respectfully submitted,

                           By:   s/Phillip A. Bock
                                Phillip A. Bock
                                BOCK & HATCH, LLC
                                134 N. La Salle St., Ste. 1000
                                Chicago, IL  60602
                                Telephone:  312/658-5500
                                phil@bockhatchllc.com

## MOTION TO CLARIFY

Plaintiff-Appellant Palm Beach Golf Center-Boca, Inc. moves for clarification of a single potential ambiguity in the Court's October 30, 2014 Opinion that could cause confusion to courts and practitioners in similar cases in the future. In support of this motion, Palm Beach states as follows:

1. The Opinion states at pages 14-15, "We agree, and hold that a person whose services are advertised in an unsolicited fax transmission, *and* on whose behalf the fax is transmitted, may be held liable directly under the TCPA's ban on the sending of junk faxes." (emphasis added).

2. The above-quoted sentence may cause confusion because it is very similar to the text of the FCC's 2006 regulation defining the word "sender," except the sentence uses the conjunction "and" instead of "or."

3. The FCC's 2006 regulation states, "The term sender … means the person or entity on whose behalf a facsimile unsolicited advertisement is sent *or* whose goods or services are advertised or promoted in the unsolicited advertisement." *In re Rules &*

1

*regulations Implementing the Telephone Consumer Protection act of 1991*, 21 FCC Rcd. 3787, 3822 (2006) (report and order on third consideration) (codified at 47 C.F.R. § 64.1200(f)(10) (2014) (emphasis added).

4. The Opinion quotes the 2006 regulation in footnote 7. The Opinion notes, "Although in accord with the FCC's pre-2006 construction of the word sender, this regulation was not promulgated until after Palm Beach Golf's cause of action accrued."

5. The Opinion relies on a 1995 FCC Memorandum and Opinion Order which stated, "the entity or entities on whose behalf facsimiles are transmitted are ultimately liable for compliance with the rule banning unsolicited fax advertisements." Opinion, p. 16 (quoting *In re Rules & regulations Implementing the Telephone Consumer Protection Act of 1992*, 10 FCC Rcd. 12391, 12407 (1995) (memorandum opinion and order)).

6. The Opinion states, "[A]t least since 1995 [the FCC] attributed direct liability under the statute to those on whose behalf fax advertisements are sent." Opinion, p. 19. And the

2

Opinion concludes, "By construing the sender as the party 'on whose behalf facsimiles are transmitted,' the FCC has placed liability at the source of the offending behavior that Congress intended to curtail." *Id.* at 21 (quoting *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 10 FCC Rcd. at 12407)).

7. Considering the Opinion as a whole, it does not seem that the Court's use of the word "and" instead of the word "or" in the sentence on page 15 was intended to have material significance. This is because (1) the 2006 regulation that used "or" was "in accord" with the FCC's pre-2006 construction and was not a change in the law; (2) the Opinion does not state that the 2006 regulation changed the law; and (3) the FCC has consistently identified the "sender" as the person on whose behalf a fax is sent, in contrast to the broadcaster or common carrier who physically transmitted the fax.

8. Nevertheless, as presently written, the use of the word "and" instead of "or" on page 15 could be construed by future

3

courts or parties to reflect a material distinction between the law before the 2006 regulation and the law after.

9. Plaintiff suggests that this confusion could be avoided if the Court were to remove the phrase "whose services are advertised in an unsolicited fax transmission" from the sentence on page 15. In the alternative, the Court could remove the phrase "and on whose behalf the fax is transmitted" or simply change "and" to "or" to match the 2006 regulation.

WHEREFORE, the Court should clarify whether its use of the word "and" in the sentence on page 15 of the opinion was intended to reflect the view that the definition of the word "sender" as used in the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, changed with the FCC's 2006 regulation.

Dated: November 14, 2013.   Respectfully submitted,


                             By:  /s/ Phillip A. Bock
                             One of Plaintiff's attorneys

Phillip A. Bock                Brian J. Wanca
Daniel J. Cohen                David M. Oppenheim
BOCK & HATCH, LLC              Ryan M. Kelly
134 N. La Salle St., Ste. 1000 ANDERSON + WANCA
Chicago, IL  60602             3701 Algonquin Rd., Ste. 760
Telephone:  312/658-5500       Rolling Meadows, IL  60008
                               Telephone:  847/368-1500

## PROOF OF SERVICE

The undersigned attorney hereby certifies that, on November 14, 2014, he caused a copy of the foregoing Plaintiff-Appellant's Motion to Clarify to be served upon all counsel of record listed below by filing the brief with the Court's CM/ECF system and also by depositing the same in an official United States Mail Box with first-class postage pre-paid:

William S. Reese, Esq.
Kevin D. Franz, Esq.
2600 Douglas Road
Douglas Centre, Suite 304
Coral Gables, FL 33134

Michael Resis, Esq.
Molly Arranz, Esq.
SmithAmundsen LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601


/s/ Phillip A. Bock